**Avinesh Anand ROHIT, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Avinesh Anand Rohit, Petitioner,**

v.

**Eric H. Holder Jr., Attorney General, Respondent.**

Nos. 07–71783, 07–74159.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed June 23, 2009.

seeks asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure. We grant in part and deny in part the petition for review.

## I

■ The IJ concluded that Rohit's convictions under CPC §§ 647(b) and 136.1(c) constitute categorical crimes involving moral turpitude. In his brief on appeal to the BIA, Rohit argued that the IJ incorrectly applied the categorical approach in its analysis of both statutes. The BIA affirmed the IJ's conclusion with respect to § 136.1(c), but did not affirm or even address the IJ's conclusion with respect to § 647(b).

In order to find Rohit removable as charged under 8 U.S.C. § 1227(a)(2)(A)(ii), the BIA must conclude that Rohit has been convicted of *two* crimes involving moral turpitude. Thus, the BIA could not affirm the IJ by simply determining that § 136.1(c) was a morally turpitudinous offense. The agency was required to determine that both of Rohit's offenses constituted crimes involving moral turpitude. The BIA abused its discretion by failing to address Rohit's arguments concerning § 647(b). *See, e.g., Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

The question of whether § 647(b) constitutes a crime involving moral turpitude is a complex one that is better left to the agency to address in the first instance. *See, e.g., INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Accordingly, we grant Rohit's petition for review in part, and remand to the BIA to address this question in light of its recent decision in *Matter of Gonzalez–Zo-*

Raul Ray, Esquire, The Law Offices of Raul Ray, San Jose, CA, Katarina Rost, Law Office of Katarina Rost, San Francisco, CA, for Petitioner.

Kiley L. Kane, Esquire, Trial, Mary Jane Candaux, Assistant Director, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Blair O'Connor, Assistant Director, Claire Workman, Trial, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMPSON, BERZON and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Avinesh Anand Rohit ("Rohit"), a native and citizen of Fiji, petitions for review of the Board of Immigration Appeal's dismissal of his appeal from the Immigration Judge's order of removal. Rohit contends his two convictions under the California Penal Code ("CPC") do not constitute crimes involving moral turpitude, and the Board erred in finding him removable under 8 U.S.C. § 1227(a)(2)(A)(ii). He also

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*quiapan,* 24 I. & N. Dec. 549 (BIA 2008) (holding that § 647(b) is broader than the generic federal definition of prostitution).

In the event the BIA determines on remand that a § 647(b) offense does not constitute a crime of moral turpitude (under either a categorical or modified analysis), then the question whether the § 136.1(c) offense is morally turpitudinous would be moot. Accordingly, we decline to address the BIA's conclusion on this issue at this time.

## II

Rohit failed to establish eligibility for asylum based on past persecution. *See* 8 C.F.R. § 1208.13(b). Rohit testified to several incidents of criminal violence, but in each instance, he failed to establish either the essential nexus to a protected statutory ground, or evidence of government involvement or of government inability or unwillingness to prevent persecution. Thus, whether analyzed cumulatively or individually, the harms suffered by Rohit and his family do not constitute past persecution. *See, e.g., Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) (refusing to find persecution on the basis of random criminal acts which lacked a nexus to race); *Sinha v. Holder,* 564 F.3d 1015, 1020 (9th Cir.2009) (holding that the petitioner must offer some evidence that the government was unwilling or unable to control such attacks).

Rohit also failed to establish eligibility for asylum based on a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). Though Rohit claims membership in a disfavored group, he has failed to show he faces the level of individualized risk required to establish an objectively reasonable fear of future persecution. *See, e.g., Wakkary v. Holder,* 558 F.3d

1049, 1065–66 (9th Cir.2009). Accordingly, we deny Rohit's petition for review of the denial of his asylum claim.

Because Rohit failed to establish eligibility for asylum, as a matter of law he fails to meet the higher standard of proof required to establish eligibility for withholding of removal. *See, e.g., Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998). Therefore, we deny Rohit's petition for review of the denial of his withholding of removal claim.

Finally, the record does not contain any evidence of past torture, or anything else which suggests that Rohit would be tortured by the government of Fiji upon his return to that country. Accordingly, we deny Rohit's petition for review of that claim as well.

PETITION FOR REVIEW DENIED in part, GRANTED in part, and REMANDED.